Opinion issued March 17, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00973-CR

———————————

Danny M. Shipp, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 177th District Court 

Harris County, Texas



Trial Court Case No. 1236349

 



 

MEMORANDUM OPINION

          A
jury found Danny M. Shipp guilty of the second degree felony offense of evading
detention directly resulting in death.  See Tex.
Penal Code Ann. § 38.04 (West
2003).  The trial court found that
Shipp had used and exhibited a car as a deadly weapon, found true one of the
two allegations in the State’s enhancement paragraphs, and assessed 30 years’
confinement as punishment.  Shipp argues
on appeal that the charge submitted to the jury did not accurately reflect the
applicable law and that the trial court erred by making its own deadly weapon
finding instead of submitting the issue to the jury.  He also contends the trial court erred by
allowing the prosecutor and a witness to make statements regarding extraneous
criminal activity in the area.  

We affirm.

Background

Officer William Woodall noticed a
suspicious car while patrolling in a residential neighborhood that had recently
reported a series of burglaries.  The
SUV, driven by Shipp, was circling the neighborhood between 9:30 a.m. and 10:00
a.m. when most people were at work, had only one registration sticker, and had
a temporary dealer’s license plate instead of permanent metal plates.  He followed the car and saw Shipp turn down a
dead-end street and park in a driveway. 
Shipp left the driveway after a few minutes and ran a stop sign while
speeding.  In response, Officer Woodall
turned on his lights and siren, which triggered his dashboard video camera to
start recording.  Shipp did not stop, but
continued to speed through the residential neighborhood, running through speed
bumps and several stop signs.  Officer
Woodall continued to follow him.  Shipp
made several turns and ended up on Richmond—a slightly curving, six lane, commercial road with medians and a
thirty-five mile per hour speed limit. 
On Richmond, Shipp continued to speed and pushed between two cars—rear-ending both several times and losing his
front bumper in the process—in order to
run through a red light.  

Wesley Gustafson Jr., driving an
SUV of a similar size to Shipp’s, pulled out of a commercial parking lot across
three lanes and was attempting to turn left onto Richmond.  Shipp collided with Gustafson, forcing his SUV
onto a median and knocking down a tree. 
Gustafson sustained extensive injuries and died at the hospital.  Woodall arrested Shipp at the scene of the
accident.  The entire chase covered
approximately 3.2 miles.  

The State indicted Shipp with
evading detention directly resulting in Gustafson’s death.  The indictment included an allegation that
Shipp used and exhibited his car as a deadly weapon during the crime.  The indictment also included two enhancement
paragraphs alleging that Shipp had prior convictions for cocaine possession and
attempted burglary.

At trial, the court limited the
admission of statements relating to the prior burglaries in the residential
area so as to avoid improperly linking Shipp to those crimes.  The trial court allowed the parties to state that
burglaries had occurred and that Shipp’s car looked suspicious, but nothing
that specifically linked Shipp’s car to the burglaries.  In its opening statement, the State mentioned
that Officer Woodall was on the lookout because of a “rash of burglaries in the
area.”  Shipp objected that the comment
violated the previous ruling by the court. 
The trial court sustained the objection, instructed the jury to
disregard the comment, and denied Shipp’s motion for mistrial.  

Several
eye-witnesses testified at trial. 
Officer Woodall testified to the string of robberies without objection
by Shipp.  He also testified to the
reasons he found Shipp’s vehicle suspicious and the events during the course of
the chase.  The State admitted his
dashboard video recording that depicted the entire chase.  The drivers of the two cars Shipp pushed
through testified as well as a pedestrian eyewitness who testified that he did
not hear Shipp use his brakes before the accident or see Gustafson react in any
way.  

The State
presented Officer Douglas Ertons as an accident reconstruction expert and the
trial court admitted the reports and data generated in his investigation.  Based upon his experience, calculations, and
the data he collected at the scene and from the vehicles’ internal computers,
he believed Shipp was traveling more than 58 miles per hour at the time of the
crash and that he did not use his brakes until .5 seconds before the
crash.  He also testified that Gustafson
failed to yield the right-of-way and could not say whether Gustafson had used his
brakes.  Officer Ertons identified the
ultimate cause of the accident as Shipp’s excessive speed and reckless
driving.  The medical examiner testified
that Gustafson was 75 years old and had Vicodin in his system, though not
enough to indicate impairment.  At the
close of the State’s case in chief, Shipp moved for an instructed verdict
arguing the State had not proved that Gustafson’s death was a direct result of
his flight from police.  The trial court
denied the motion.   

At the charge conference, both
Shipp and the State asked to include various portions of the Transportation
Code relating to right-of-way and the duty of reasonable and prudent operation
of a car.  The trial court denied these
requests.  The State also requested that
the deadly weapon allegation in the indictment be included in the charge
because the jury could find the lesser-included offense of evading detention,
without directly resulting in death, which in this instance would require use
of a car.  The trial court denied the
request stating that the deadly weapon finding was a separate punishment
paragraph like the prior conviction enhancement paragraphs.  The charge submitted to the jury reads in relevant part:

A person commits the offense of evading detention if he
intentionally flees from a person he knows is a peace officer attempting
lawfully to detain him.  It is a felony
offense if:

 

(1) the defendant uses a vehicle while
the defendant is in flight; or

 

(2) another suffers death as a direct result of an attempt
by the officer from whom the defendant is fleeing to apprehend the defendant
while the defendant is in flight.

 

The
charge also defined the term “vehicle” with an included reference to the
Occupations Code.

At closing
argument, the State again referred to the prior burglaries in the area to
explain why Officer Woodall considered Shipp’s car suspicious.  Shipp argued that the lesser-included offense
of evading detention applied because Gustafson failed to yield the right-of-way
and, therefore, his death was not the direct result of Shipp’s flight.  The jury found Shipp guilty of evading
detention causing death.  

The parties
presented punishment evidence to the trial court with the State re-offering all
of the evidence from the guilt stage of trial. 
Several law enforcement officers and a burglary complainant testified to
the prior burglaries in the neighborhood and to evidence linking Shipp to those
burglaries.  Gustafson’s son testified as
to the effect of the crime on his family. 
The trial court then granted an instructed verdict as to one of the allegations
in one of the two enhancement paragraphs. 
The trial court assessed thirty years’ confinement as punishment.  Shipp objected on double jeopardy grounds to
the trial court’s making an additional deadly weapon finding, arguing that the
evading arrest statute already encompassed the use of a vehicle to enhance the
crime to a second degree felony.  The
trial court overruled the objection and made the deadly weapon finding.  

Jury Charge Error

In his third issue, Shipp argues the trial court submitted a
fatally defective jury charge because the question and instruction involving a
“vehicle” did not follow the statutory provision charged in the indictment and,
therefore, he was never indicted for the lesser offense of evading arrest by
use of a vehicle.[1]   The State responds that the trial court may
include a lesser-included offense in the jury charge and evading detention by
use of a vehicle, without directly resulting in death, constitutes a
lesser-included offense of evading detention directly resulting in death. 

I.       Standard of Review

In determining whether there is reversible error in the jury
charge, we first consider whether error exists, and if error exists, we then determine
whether the defendant was harmed.  Middleton
v. State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); Abdnor v. State,
871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994). 
If appellant did not make a proper objection at trial, appellant “will
obtain a reversal only if the error was so egregiously harmful that he has not
had a fair and impartial trial.”  See Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1984).  Under
an egregious harm analysis, a reviewing court examines “the entire jury charge, the state of the
evidence, including the contested issues and weight of the probative evidence,
the arguments of counsel, and any other relevant information revealed by the
record of the trial as a whole.”  Warner v. State, 245 S.W.3d 458, 461
(Tex. Crim. App. 2008).  “Errors that
result in egregious harm are those
that affect the very basis of the case, deprive the defendant of a valuable
right, or vitally affect a defensive theory.” 
Id. at 461–62.  

          Shipp asserts this issue should not
have been included in the charge because Shipp was not indicted for this
offense.  The State responds that the
charge was not in error for including the term “vehicle” because that term
relates to the lesser-included offense of evading arrest by use of a vehicle,
without directly resulting in death, and a court may include a lesser-included
offense in the jury charge.    

II.      Egregious Harm

          Assuming without deciding the trial
court erred in including the lesser offense of evading arrest by use of a
vehicle, Shipp did not object to the inclusion, and, therefore, we must
determine whether the error constitutes egregious harm.  See
Almanza, 686 S.W.2d at 171.  We
examine the entire jury charge, the state of the evidence, the arguments of
counsel, and any other relevant information in the record to determine if the
error affects the very basis of the case, deprived Shipp of a valuable right or
vitally affected a defensive theory.  Warner, 245 S.W.3d at 461–62. 


          The charge defined evading arrest and
then distinguished that the crime is a felony offense under two circumstances,
“(1) the defendant uses a vehicle while the defendant is in flight; or (2)
another suffers death as a direct result.” 
The questions submitted to the jury gave the jury three choices in
disposing of the case: find Shipp not guilty, find him guilty of evading
detention and another suffered death as a direct result, or find him guilty
simply of evading detention.  The lesser
offense of evading detention by use of a vehicle without directly resulting in
death provided the jury with a middle ground between not guilty and guilty of
evading causing death.  The jury
ultimately found the greater offense, but the lesser offense gave them an
option other than finding Shipp not guilty.

          The inclusion of the lesser offense
comports with Shipp’s defensive theory at trial.  The State admitted into evidence the video of
the entire chase—clearly showing Shipp did not stop for Officer Woodall—and the
testimony of several eye-witnesses who testified about  Shipp’s driving immediately before and at the
time of the accident.  The majority of
the defensive evidence presented and counsel’s argument advanced the position
that Shipp did not stop, but Gustafson’s death was caused by an unrelated
traffic accident.  On cross-examination
by Shipp’s counsel, witnesses admitted that drivers often sped on Richmond,
that the road curved slightly and trees blocked a clear view of the road, that
Gustafson did not appear to use his brakes, and that traffic on Richmond had
the right-of-way over traffic turning onto the road from private drives.  Shipp also emphasized through the medical
examiner that Gustafson was 75 years old and had Vicodin in his system.  

          During argument, Shipp’s counsel
continued to assert the theory that Shipp’s evading arrest did not cause the
traffic accident.  He stated, “And one of
the most dangerous things you ever do is make a left-hand turn across three
lanes of traffic,” referring to Gustafson’s left turn onto Richmond.  He told the jury that anyone in the court
room could have been driving Shipp’s car and had the same accident.  He expressly asked the jury to hold Shipp
responsible under the lesser offense of evading arrest by saying:

He’s guilty of evading arrest.  Is this a simple evading arrest case?  No. 
It’s an evading arrest case where someone died.  But it’s not as a direct result of him
evading arrest . . . and I think when you look at this carefully you’re going
to understand that you have to find him guilty, but only of the offense of
evading detention because that’s the only just verdict in this case.  I know that the intention that you want is to
hold him responsible, and you are holding him responsible when you find him
guilty of the lesser offense.  And he is
going to have to answer for the fact that his actions brought about a circumstance
where a person died.  But he didn’t cause
that circumstance. 

 

          Given the state of the evidence and
Shipp’s defensive theories, the inclusion of the lesser offense would have
helped him rather than caused egregious harm. 
Shipp’s counsel incorporated the lesser offense into his theory of the
case through witnesses and argument focused on separating Shipp’s evading
detention from the cause of the accident. 
We cannot say, based on the entire record, that the inclusion of the
jury question and instruction on evading arrest by use of a vehicle caused
Shipp egregious harm. 

We overrule Shipp’s third issue.

Deadly Weapon Finding

          In
his fourth and fifth issues, Shipp argues that the trial court erred in making
a finding and entering judgment on the deadly weapon allegation.  Shipp asserts that a deadly weapon question
should have been submitted to the jury, who in their verdict had already
enhanced the felony offense to a second degree felony offense.

The trial court instructed the jury
on two offenses, the second degree felony of evading arrest directly resulting
in death and the third degree felony of evading arrest by use of a
vehicle.  The offense the jury found
Shipp guilty of committing, the second degree felony, does not require the use
of a vehicle or any deadly weapon.  A
second degree felony could occur, for example, if the officer was hit by a car
and killed while pursuing a suspect on foot running from the scene.  For the crime that the jury found Shipp
guilty of committing, the jury did not need an instruction on the use of a
deadly weapon.  The use of a deadly
weapon was not a necessary element of the offense.

          When
the trial court is the trier of fact at punishment, “and he has heard evidence
on the issue, he has the authority to make an affirmative finding as to the use
or exhibition of a deadly weapon if the jury has not decided the matter.”  Fann v.
State, 702 S.W.2d 602, 603 (Tex. Crim. App. 1985) (op. on reh’g); Sullivan v. State, 248 S.W.3d 746, 752
(Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding “deadly weapon
affirmative finding by the trial court was legally permissible,” where trial
court was fact finder at punishment phase and jury did not decide deadly weapon
issue).  Here, Shipp elected to have the
trial court assess punishment and the jury made no finding with regard to
Shipp’s use of his car as a deadly weapon. 
The trial court heard evidence on Shipp’s reckless driving, including
video and eye-witness accounts of excessive speeding and ramming through two
cars in order to run a red light at an intersection.  The trial court, therefore, was entitled to
make a deadly weapon finding and enter judgment on that finding.  See Sullivan,
248 S.W.3d at 752.[2]  

          We
overrule Shipp’s fourth and fifth issues. 


Extraneous Burglary Statements

          In
his first and second issues, Shipp argues the trial court erred by allowing
statements and testimony about extraneous burglaries in the area at the time of
the offense.  Shipp asserts that the
trial court should have granted his motion for mistrial after the prosecutor’s
statement that Officer Woodall, “was on the lookout because there had been a
rash of burglaries in the area.”  Shipp
also asserts the trial court erred by allowing Officer Woodall to make similar
statements during his testimony.  

I.       Preservation of Error

To preserve error for appellate
review the complaining party must
timely and specifically object to the evidence and obtain a ruling.  See Tex. R. App. P. 33.1(a); see also
Tex. R. Evid. 103(a)(1).  Error is waived if the complaining party
allows the evidence to be introduced without objection.  Griggs
v. State, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007).  A motion in limine does not preserve error
for appeal.  Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003).  

Officer Woodall testified that a
string of burglaries had been reported in the area and that he was on the
lookout for any suspicious vehicles. 
Shipp did not object to Officer Woodall’s trial testimony and his motion
in limine did not preserve error for appeal. 
See id.  In fact, the State requested a bench
conference before eliciting the testimony in question, which allowed Shipp
ample opportunity to object.  Without an
objection Shipp failed to preserve error on the admission of Officer Woodall’s
testimony.  

We overrule Shipp’s second issue.

II.      Motion for Mistrial

          Shipp
preserved error as to the prosecutor’s remarks in opening statement by
objecting and requesting a mistrial.  The
trial court denied the motion for mistrial, but instructed the jury to
disregard the prosecutor’s statements regarding a “rash of burglaries.”  

          We review a
trial court’s denial of a motion for mistrial for abuse of discretion.  Simpson
v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).   “A mistrial is a device used to halt trial
proceedings when error is so prejudicial that expenditure of further time and
expense would be wasteful and futile.”  Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App. 1999).  We must examine the
particular facts of the case to determine whether a given error necessitates a
mistrial.  Id.  As a general rule, an
instruction by the trial court for the jury to disregard the argument sufficiently
cures any error.  Tompkins v. State, 774 S.W.2d 195, 218 (Tex. Crim. App. 1987), aff’d 490 U.S. 754, 754, 109 S. Ct.
2180, 2180 (1989).  

          The State’s
reference to prior burglaries in its opening statement was a passing reference
to explain the reason Officer Woodall followed Shipp before attempting to stop
him.  Nothing in the single statement
linked Shipp to the extraneous burglary offenses.  The State did not mention that Officer
Woodall had been told to lookout for a vehicle matching the description of
Shipp’s car or that evidence linking Shipp directly to the burglaries was found
in his car after the accident.  The State
also did not address Shipp’s statement, admitted during the punishment stage,
that “I’m not a murderer, I’m a burglar.” 
Given the brief reference, the lack of connection to Shipp, and the
immediate instruction, we cannot say the trial court abused its discretion in
denying Shipp’s motion for mistrial.

          We overrule
Shipp’s first issue.

 




Conclusion

          We
hold that any error in the charge submitted to the jury does not amount to
egregious harm.  We also hold the trial
court did not err in making and entering judgment on a deadly weapon finding or
in its conduct with regard to the argument and testimony on the prior
burglaries.  We affirm the judgment of
the trial court.

 

 

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Jennings, Higley, and Brown.

Do not publish. 
 Tex. R. App. P. 47.2(b).  











[1]
          Shipp also asserts that the
definition of “vehicle” included in the charge improperly referred to the
Occupations Code instead of the Transportation Code.  Section 38.04(c) of the Penal Code states the
term “vehicle” has the same definition as under section 541.201 of the
Transportation Code.  See Tex
Penal Code Ann. § 38.04(c).  The
definition of “vehicle” in the jury
charge matches the definition in the Transportation Code, in effect since 2003,
including the reference to the Occupations Code as providing the definition for
manufactured housing included within the term “vehicle.”  See Tex. Transp. Code Ann. § 541.201(23)
(West Supp. 2010).  The definition
therefore tracks the relevant statute.





[2]
          Shipp objected at the time of the trial
court’s deadly weapon finding that the statute enhanced the offense with the
use of a vehicle so double jeopardy would prevent the trial court from
enhancing the offense a second time on the same fact—the use of a car as a deadly weapon.  Shipp cited no cases in support of his double
enhancement argument and his objection at trial was based on a faulty reading
of the evading arrest or detention statute. 
Shipp’s counsel stated in his objection, “The elements of the offense
are driving a vehicle and causing the death,” referring to the second degree
offense the jury had already found Shipp guilty of committing.  The second degree offense of evading arrest
or detention causing death does not require the use of a vehicle, but only
requires proof that another suffered death as a direct result of the attempt to
apprehend the defendant while in flight. 
See Tex. Penal Code Ann. § 38.04(3) (West 2003).  The state jail felony requires proof that the
defendant used the vehicle and had not
been previously convicted.  See Tex.
Penal Code Ann. § 38.04(b)(1). 
The third degree felony can be satisfied by the use of a vehicle and the
showing of a previous conviction for evading arrest or detention.  See Tex. Penal Code Ann. §
38.04(b)(2)(A).  Otherwise the use of a
vehicle is not required by the statute and the trial court did not enhance the
offense twice on the same facts.